If a fraud was committed, it was committed in Tennessee. If a contract was breached, it was breached in Tennessee. Therefore, under general principles governing choice of laws, a court should apply the law of Tennessee, no matter where this case is tried. If the University of Tennessee has sovereign immunity under the law of Tennessee, it must have sovereign immunity in the courts of Alabama. If a failure to exhaust administrative remedies in Tennessee would be a bar in Tennessee, it should be a bar in Alabama. *Page 367 
Educational institutions are uniquely situated to make determinations regarding academic qualifications or the lack thereof. Establishing degree requirements and granting degrees are within the province of universities, not courts; so the rescission of degrees of former students is within the province of universities, not courts. Courts, when their jurisdiction is quickened, must assure that degrees are not rescinded by universities until the former student has had all of the process due him — adequate notice, a fair opportunity to defend, and an impartial forum. The majority quotes Faulkner as characterizing the hearing he would have as "star chamber review." This is hyperbole, for I am persuaded that the Tennessee Administrative Procedures Act, Tennessee Code Annotated ("T.C.A."), § 4-5-101 et seq., afforded Faulkner all of the process he was due. T.C.A. § 4-5-312 establishes the rules of procedure by which a hearing is to be conducted, including Faulkner's right to present argument, to present witnesses, to cross-examine witnesses, and to present documentary and demonstrative evidence. He had the right to subpoena documents and witnesses in order to make prehearing discovery (T.C.A. § 4-5-311). A transcript would have been made of the proceedings, and the final decision would have been in writing and would have included findings of fact and conclusions of law. (T.C.A. § 4-5-314). If Faulkner was not satisfied, he had the right to petition for rehearing (T.C.A. § 4-5-317). If Faulkner was still dissatisfied with the result, he had the right of immediate judicial review in the chancery court. (T.C.A. § 4-5-322). That court must review the entire record, unless the parties agree to limit the record. (T.C.A. § 4-5-322(d)). If Faulkner was not satisfied with the decision of the chancery court, he had the right of appeal to the Tennessee Court of Appeals (T.C.A. § 4-5-323). If he was still not satisfied, he could have petitioned the Tennessee Supreme Court, which is a court of grace, not of right, in such matters, just as this Court is in proceedings brought under the Alabama Administrative Procedures Act. Therefore, I am persuaded that the truth will out and that Faulkner could have received all the process he was due by letting academia be academia. My brethren are bold to try, but I feel inadequate to "seek for truth in the groves of Academe."[3]
Faulkner's failure to exhaust his administrative remedies in Tennessee provided the trial court with a sufficient reason, in my opinion, to dismiss this action. I would affirm; therefore, I dissent.
[3] Horace, Epistles, ii: "Atque inter silvas Academi quaerere verum."